*333 OPINION
By STEVENS, J.
This cause is before this court as an appeal on questions of law.
The record discloses the following:
Prior to June 16, 1933, Lepasky performed certain services in connection with the finishing of the floor of a roller skating rink at Summit Beach park in Akron, Ohio. This work was done for Gús Harig and Russell Golden. When Lepasky tried to .collect his money, he was informed by Gus Harig that the lease for said rink stood in the name of John Harig, son of Gus Harig. Being unable to procure his money, Lepasky consulted with Vincent Zurz, an attorney at law, disclosed to Zurz the conditions and circumstances pertaining, and directed Zurz to attempt to procure the money claimed to be due him. Thereafter, Zurz, as counsel for Lepasky, secured a promissory note, in the amount due Lepasky, which note was signed by Russell Golden and John Harig.
On July 22, 1933, the note was reduced to judgment in the Court of Common Pleas of Summit county, and that judgment furnished the basis for the subsequent appointment of a receiver for said skating rink. Nothing was received on the judgment from such receivership.
Thereafter, Lepasky, through his counsel, issued various executions upon said judgment, in attempts to collect the same, and in July, 1938, the sheriff seized, upon execution, a Ford automobile belonging to John Harig.
After said seizure, John Harig instituted a separate action to vacate the judgment upon said note, which case, after judgment in the Court of Common Pleas, was appealed upon questions of law and fact to the Court of Appeals. The case was there submitted as an appeal on questions of law and fact without objection, and that court, upon the amended pleadings and the evidence there produced, found that the note signed by John Harig had been executed and delivered “for a specific purpose, and with the express understanding that enforcement of said note should not be sought against him,” and perpetually enjoined Lepasky, his agents, servants and employees, from collecting or further attempting to collect upon the note or the judgment entered thereon.
After the termination of that action favorably to Harig, the pres-' ent action to recover damages for malicious prosecution was instituted by John Harig against Lepasky.
Trial to the court, without the intervention of a jury, resulted in the entry of a judgment for $260 in favor of Harig and against Lepasky, and it is from that judgment that the present appeal has been perfected.
The action, as above indicated, is bottomed upon the claim that the' defendant is liable for malicious prosecution because he, through his counsel, caused an execution to be issued and a levy to be made upon Harig’s automobile, on the judgment taken on said note, when the note was given only for a specific purpose, and plaintiff, Harig, was under no condition to be held liable for the payment thereof.
Defendant, for his answer, after certain admissions, rather inartistically set up the defense of advice of counsel, and then denied generally the allegations of the petition.
The liability of Harig to pay said note was decided by this court in John A. Harig v Alexander M. Lepasky, et al., 31 Abs 630, and that question is not open to further discussion.
*334 However, this record reveals that said note was procured from plaintiff by Zurz, the attorney for Lepasky, and not by Lepasky himself, and that Lepasky had no knowledge of the conditions imposed thereon at the time the execution upon plaintiff’s automobile was issued. We found, in the previous case, supra, that Lepasky’s attorney did procure the note upon condition that its enforcement against John Harig should not be attempted, and that Lepasky was bound by the conditions agreed upon by his agent.
This record discloses that everything done by Lepasky, from the inception of this series of events up to the present time, was done upon the advice of counsel; that Lepasky made a full, fair and impartial disclosure to his attorney of all the relevant facts known to him, or which, by the exercise of reasonable . diligence, he could have ascertained, and that he in good faith relied upon his attorney’s advice.
• The evidence upon the foregoing, as shown by this record, is such that, in the opinion of this court, reasonable minds could not differ upon the question of its establishing the defense of advice of counsel.
Such a defense, if established, is a complete defense to an action for malicious prosecution.
25 O. Jur., Malicious Prosecution, Sec. 41, Pg. 14.
Eihlert v Gommoll, 23 C. C. 586.
Woodruff v Paschen, 105 Oh. St 396.
Frost v O’Kross, 22 Oh Ap 174.
The trial court was in error when it stated that the defense of advice of counsel could not be offered as a defense, but only in mitigation of damages.
Upon the evidence contained in this record, the trial court should have determined as a matter of law that the defense of advice of counsel was established, and should have rendered judgment for defendant, Lepasky.
The court accordingly erred in overruling defendant’s motion for a directed verdict, made at the conclusion of all the evidence, and in overruling defendant’s motion for judgment contra verdict.
The judgment of the trial court is reversed; and this court, proceeding now to render the judgment which the Court of Common Pleas should have rendered, orders that final judgment in favor of defendant, Lepasky, be entered.
WASHBURN, PJ., & DOYLE, J., concur.