**LEWIS, Plaintiff-Appellant, v. KOCIS, Defendant-Appellee.**

Ohio Appeals, Seventh District, Lake County.

No. 462. Decided 1949.

Vann & Nelson, Cleveland, for plaintiff-appellant.
Giblin & Giblin, Painesville, for defendant-appellee.

**OPINION**

By PHILLIPS, J.

Plaintiff appeals to us on questions of law from a judgment of the court of common pleas entered upon a directed jury verdict for defendant in his action filed in that court to recover damages from defendant for malicious prosecution.

Under separate cover counsel for plaintiff filed six assigned grounds of error, some of which are identical with and some of which differ from those incorporated in their brief. We will dispose of the assigned grounds of error filed under the formal separate cover entitled "assignments of error" and also those incorporated in their brief.

Plaintiff, a minor, and Philips Jackson, colored boys, were charged by affidavit sworn to by defendant with armed robbery of defendant on the morning of April 18, 1946, in her place of business situated in Lake County, Ohio. That charge subsequently was dismissed.

Thereafter plaintiff through his mother and next friend filed in the court of common pleas the action to which reference has been made, and from the judgment entered in that action plaintiff appealed to this court as stated.

Defendant called by plaintiff for cross-examination testified that between midnight on the 17th day of April, 1946, and 12:30 o'clock on the morning of April 18, 1946, defendant and a waitress employed by her were in her place of business situated in Lake County, Ohio, "when two colored boys, one was brown, dark brown", whom she said was plaintiff and whom she described as being six feet tall, weighing "175, 180" pounds, and wearing a brown hat and "tweedish (over)coat— brown tweed", and the "other (who) was fair complected",

whom she described as smaller than plaintiff and carrying a gun, entered and announced that "this is a stick up"; that plaintiff went behind the bar and took the money from the cash register; that defendant notified the sheriff of Lake County, and the next day received a call from his office; that at that time she identified plaintiff at the county jail of Lake County, where the evidence disclosed he and Philip Jackson, who were arrested for speeding near Mentor, Ohio, were detained, as the prosecuting attorney of Lake County remembered, for "driving in a stolen car or a car that had been reported stolen"; that she had a conversation with the prosecuting attorney, who thereafter dictated the affidavit she signed and advised her "that the facts she had given" him "were sufficient cause for the arrest of these men", and that the prosecuting attorney asked her to sign the affidavit, which she signed before the Clerk of the Municipal Court of the City of Painesville, where she appeared as a witness as instructed on April 25, 1946, the date set for his preliminary hearing.

The prosecuting attorney testified that before any warrant was issued "she (defendant) told me in full how they came in, the time, described them to me, and at that time told me the amount of money, the direction they had come from, she remembered it, and the direction they left", and to whom she made, as the evidence discloses, a "'full disclosure of everything".

The prosecutor testified further that "as you know in a criminal case, the State has to prove its case beyond a reasonable doubt. On the morning of the preliminary hearing, as I recall the matter, I talked to some witnesses of these boys, who claimed that they were somewhere else at the time it happened, and it was my opinion then that where the law requires proof beyond a reasonable doubt that probably we didn't have any evidence to sustain a conviction of the boys", and accordingly he caused the charge lodged by defendant against plaintiff to be dismissed, which if tried it is conceivable under the evidence we reviewed possibly would have resulted in a conviction.

In any event the charge lodged by defendant against plaintiff was not heard upon its merits, and did not result in an acquittal, and was dismissed without any act of defendant.

Such briefly is the uncontradicted evidence upon which the trial judge directed the jury to return a verdict for the defendant on the ground "that reasonable minds cannot differ, that there was a full disclosure made by the defendant to Mr. Donaldson, the prosecuting attorney, and that she acted

on that advice, and that there was therefore probable cause for the institution of this prosecution which would defeat the plaintiff's action in this case."

See **Stork v. Evert, 47 Oh Ap 256,** with reference to advice of counsel being a defense in an action for malicious prosecution; and **Harig v. Lepasky, 37 Abs 332,** concerning whether reasonable minds can differ as to whether defendant acted on the advice of the prosecuting attorney; and **Frost v. O'Kross, 22 Oh Ap 176,** as to defendant's liability where the prosecuting attorney asked her to or suggested that she sign such affidavit, and as to whether the question of probable cause is one for the trial judge or the jury; and Chapman v. Anderson, 3 Fed. (2nd) 336, syllabus 6 and 7, as to whether defendant had probable cause for signing such affidavit.

We have carefully considered all of the evidence submitted to us for review, and conclude that the trial judge did not err to plaintiff's prejudice in sustaining defendant's motion for a verdict directed in her favor made "at the conclusion of all the evidence".

At the close of defendant's testimony the trial judge said "I take it there are further motions to offer at this time", which counsel for plaintiff assigned as a ground of error "because the court placed itself in the position of counsel", but counsel do not call our attention to how plaintiff was prejudiced thereby. Upon first impression we can not see how plaintiff was prejudiced by that remark, and since counsel for plaintiff is not sufficiently interested in endeavoring to convince us as to how plaintiff was so prejudiced, by arguing that assigned ground of error, we assume they do not urge it in good faith, and therefore we do not pass upon it.

We have read the evidence submitted to us carefully, and cannot arrive at the conclusion that "the verdict is not sustained by sufficient evidence or contrary to law"; and accordingly cannot say that "the court erred in overruling plaintiff's motion for a new trial, filed by the plaintiff in error and to which exceptions were duly noted at the time" (sic).

Having reached this conclusion it is not necessary for us to pass upon the contention that since plaintiff for the first time alleged malicious prosecution in his amended petition filed after the one year limitation for filing such an action had expired, his right to file such an action was barred notwithstanding his original action for false arrest and imprisonment had been filed seasonably.

Counsel for plaintiff has failed to call our attention to the respects in which "the court permitted counsel for defendant

to ask his own witness leading questions which were objected to by counsel for plaintiff, that the court overruled said objection and to which exceptions were duly noted at the time"; the instances in which the court sustained an objection to a question asked by plaintiff of one of his witnesses attempting to show damages sustained by reason of the acts of the defendant, Mary Kocis; and "other errors of law occurred at the trial of said cause prejudicial to the rights of plaintiff in error by which plaintiff in error was prevented from having a fair trial and excepted to by plaintiff in error" (sic) as alleged as grounds of error, and to comply in respect thereto with the provisions of Rule VII of this court that their briefs "shall contain a statement of the questions presented and a succinct statement of so much of the case as is necessary to show how the question arose, together with a statement of the authorities relied upon." Accordingly we will not pass upon these assigned grounds of error.

The judgment of the court of common pleas is affirmed.

CARTER, PJ, NICHOLS, J, concur in judgment.